SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JUSTIN R. RHOADES (Cal. Bar No. 230463)
Assistant United States Attorney
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3380
     Facsimile: (213) 894-3713
     E-mail:    justin.rhoades@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-653-DDP |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE |
| v. | |
| ANTHONY PORTA, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Justin R. Rhoades, hereby files its Opposition to Defendant's Motion to Terminate Supervised Release.

///

///

This Opposition is based upon the attached memorandum of points and authorities, the Report filed by the United States Probation Office, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 30, 2017

Respectfully submitted,

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

        /s/
_____
JUSTIN R. RHOADES
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Anthony Porta ("defendant") has filed a motion (the "motion") seeking an order from this Court terminating defendant's ten-year term of supervised release after he has served approximately six and a half years.  For the reasons set forth below and in the United States Probation Office's Supervision Report, dated August 28, 2017 (the "USPO Report"), the government opposes defendant's motion. The government has filed its opposition two days after the date set by the Court because the original counsel of record has since left the United States Attorney's Office and undersigned counsel did not receive notice of the motion or the Court's minute order setting a briefing schedule.

**II.  STATEMENT OF FACTS**

On September 14, 2007, defendant pled guilty by way of Information to a single count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  (Docket #15, 23)  As part of the plea agreement, the parties stipulated that defendant's Total Offense Level, after accounting for acceptance of responsibility, was 28.  (Id. at 6)  Based on his criminal history category, defendant's USSG Advisory Guideline Range was 78-97 months. (See Government Sentencing Position at 7, Docket #32)  On May 1, 2008, this Court sentenced defendant to 33 months' imprisonment, followed by ten years of supervised release.  (Docket #33)  Defendant released from custody and began supervision on or about December 2010.  (USPO Report at 1)

**III. ARGUMENT**

A defendant who has served at least one year on supervised release may seek to terminate supervision, which a court can grant

"if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  Merely complying with the terms previously imposed is not sufficient to justify terminating supervision.  <u>United States v. Hawatmeh</u>, 2014 WL 11970544, *4 (C.D. Cal. 2014) ("As a matter of law, however, the Court determines that defendant's compliance with the terms of his supervised release alone cannot constitute a basis for terminating supervision early."); <u>United States v. Laine</u>, 404 Fed. Appx. 571, 573-74 (3d Cir. 2010) ("early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it . . . [s]imple compliance with the conditions of supervised release are expected and not exceptional") (internal citations omitted).  As set forth in <u>United States v. Leone</u>, 2013 WL 867527, n.5 (E.D.N.Y. 2013):

> If bad behavior warrants a revocation of probation (in favor of imprisonment) and good behavior warrants an early termination of probation, then nary a defendant would serve the actual term of probation.  The exception would indeed swallow the rule.

In this case, defendant has performed admirably on supervision, holding down a job and maintaining healthy relationships.  In light of that, his motion argues that he "pose[s] a very low likelihood to commit future crimes," and should be terminated from supervision.  Citing to several longitudinal studies, defendant argues that his "absolute compliance" during the first six and a half years of supervised release indicates that he is no longer a danger to the community.  (Motion at 4-5)  Defendant asserts that he has "complied with every condition" of supervision and has "cooperated fully from day one with . . . the USPO."  (<u>Id.</u> at 4)

2

The government concedes that defendant has not been found in violation of the terms of his supervision.  However, as the USPO Report indicates, just this summer, defendant took a trip to Disneyland without disclosing it before or after (until a polygraph) to his counselor or Probation Officer.  (USPO Report at 1-2)  While there are no allegations that defendant committed dangerous behavior at the resort, the family nature of the facility should have indicated to defendant that it was something to discuss with his Probation Officer.  Moreover, according to the USPO Report, upon being asked to agree not to return to Disneyland, defendant refused to accede to Probation's request.  (Id. at 2)  The Probation Officer was sufficiently concerned about this behavior that he has now sought a modification of the terms of defendant's release to include a stay-away condition from theme parks, such as Disneyland.  (Id. at 4-5)  These factors indicate that defendant is not yet ready to be released from his term of supervision.

In addition to these issues, the USPO Report also details recent feedback from defendant's treatment provider.  (Id. at 3)  That includes concerns about defendant's "sexual preoccupation, poor decision, and inability to be forthcoming and transparent in treatment."  (Id.)  Whereas defendant may cite to studies about similarly-situated individuals and their statistical rate of recidivism, the USPO Report provides input about defendant specifically – from both his treatment provider and Probation Officer – both of whom do not believe that his time on supervision should end.  Such factors should outweigh the generic, data-based studies on which defendant relies.

As set forth above and in the USPO Report, defendant was sentenced to a term of imprisonment that was less than one-half of the Advisory Guidelines range. He was then sentenced to ten years of supervision, which is substantial but far below what some child exploitation defendants receive. Now, after serving only 65% of that supervision, defendant seeks termination based primarily on the fact that he has yet to reoffend and, in his view, poses a low likelihood of so doing. The government submits that defendant has not met his burden of showing that supervision should be terminated.

In a recent case directly on point, a district court denied a request to terminate supervision by a defendant who: 1) had served 53% of his term of supervision; 2) was gainfully employed; 3) had a strong support structure; 4) completed a treatment program; and 5) had no history of violence. <u>United States v. Mathis</u>, 221 F.Supp.3d 1131 (S.D. Iowa 2016). That defendant also cited to studies suggesting that he posed a low risk of recidivism. The government and Probation Office objected to the request. <u>Id.</u> In denying that defendant's motion, the court wrote:

> Though Defendant raises several legitimate considerations in his favor, including his generally positive performance on release and some contemporary trends in the social sciences, he appears not to fully appreciate the gravity of his offense. Though he discusses his success with substance abuse treatment programs, he fails entirely to acknowledge his sex offender treatment, which was mandated by the USPO. He asserts he has 'no needs, educational, medical, or otherwise which could be facilitated from further supervision.' However, he does not discuss the fact whether his sex offender treatment is ongoing or whether the circumstances surrounding his possession of child pornography may reoccur. Therefore, he has failed to allay the USPO's concern that he — as an individual, not a member of the class of offenders contemplated in the academic literature — is at a high risk of recidivating, necessitating continued sex offender treatment.

Id. at 1134. Like the facts in Mathis, here defendant has performed well on supervision, but fails to acknowledge the ongoing issues related to his treatment and instead simply relies on studies suggesting he is not a danger to the community. Nor does defendant admit that he objected to the imposition of additional conditions as recently as this summer. The government submits that defendant's statistical prognosis is not enough – especially in light of the Probation Office's strong objection to termination – to end supervision for defendant. Should circumstances change in the ensuing three years, defendant is always able to ask the Court to revisit the analysis.

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion.